UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SHAWN BERNARD ECHOLS,
  a/k/a "Doe," "Brother-in-Law,"
LAMONT ROQUINTON THOMAS,
  a/k/a "Jug," "Jughead,"
ANTHONY LYNN LLOYD,
  a/k/a "Amp,"
ADRIAN LINN TRAVIER,
LAMAR EDWARD SANDERS,
KEITH TRAYVON CURTIS,
  a/k/a "Tray," "Nephew," and
LUE CHANEL WILLIAMS,                                    **INDICTMENT**

Defendants.
_____/

The Grand Jury charges:

### COUNT 1
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled
Substances)

From in or about August 2023 to November 2025, in Berrien County,

Kalamazoo County, and Van Buren County, in the Western District of Michigan,

Southern Division, and in Los Angeles County, in the Central District of California,

and elsewhere, the defendants,

SHAWN BERNARD ECHOLS, a/k/a "Doe," "Brother-in-Law,"
LAMONT ROQUINTON THOMAS, a/k/a "Jug," "Jughead,"
ANTHONY LYNN LLOYD, a/k/a "Amp,"
ADRIAN LINN TRAVIER,
LAMAR EDWARD SANDERS, and
KEITH TRAYVON CURTIS, a/k/a "Nephew,"

knowingly and intentionally agreed and conspired with each other and with other persons, both known and unknown to the grand jury, to distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance, N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, and cocaine, a Schedule II controlled substance.

### Mandatory Minimum Quantities

With respect to defendants SHAWN BERNARD ECHOLS, LAMONT ROQUINTON THOMAS, and ADRIAN LINN TRAVIER, the grand jury alleges that the amount of controlled substance involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other coconspirators reasonably foreseeable to them, is 50 grams or more of methamphetamine, a Schedule II controlled substance.

With respect to defendant ANTHONY LYNN LLOYD, the grand jury alleges that the amount of controlled substance involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other coconspirators reasonably foreseeable to him, is 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

### Prior Serious Drug Felonies

With respect to defendant SHAWN BERNARD ECHOLS, the grand jury alleges that, before the defendant committed the offense charged in this count, on or about August 18, 2008, the defendant was convicted in the United States District

Court for the Western District of Michigan of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(ii), a serious drug felony, for which the defendant served more than 12 months in prison, and for which he was released from serving the term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

With respect to defendant LAMONT ROQUINTON THOMAS, the grand jury alleges that, before the defendant committed the offense charged in this count, on or about September 14, 2012, the defendant was convicted in the United States District Court for the Western District of Michigan of possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(i), a serious drug felony, for which the defendant served more than 12 months in prison, and for which he was released from serving the term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(vi), (viii)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 802(58)

## COUNT 2
(Distribution of Methamphetamine)

On or about November 26, 2024, in Kalamazoo County, in the Western District of Michigan, Southern Division, the defendant,

ADRIAN LINN TRAVIER,

knowingly and intentionally distributed methamphetamine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)

## COUNT 3
(Distribution of Methamphetamine)

On or about December 5, 2024, in Kalamazoo County, in the Western District

of Michigan, Southern Division, the defendant,

ADRIAN LINN TRAVIER,

knowingly and intentionally distributed 50 grams or more of methamphetamine, a

Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(viii)

## COUNT 4
(Distribution of Methamphetamine)

On or about December 18, 2024, in Kalamazoo County, in the Western District

of Michigan, Southern Division, the defendant,

ADRIAN LINN TRAVIER,

knowingly and intentionally distributed 50 grams or more of a methamphetamine, a

Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(viii)

## COUNT 5
(Distribution of Methamphetamine)

On or about January 2, 2025, in Kalamazoo County, in the Western District of

Michigan, Southern Division, the defendant,

ADRIAN LINN TRAVIER,

knowingly and intentionally distributed 50 grams or more of methamphetamine, a

Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(viii)

## COUNT 6
(Distribution of Methamphetamine)

On or about January 23, 2025, in Kalamazoo County, in the Western District

of Michigan, Southern Division, the defendant,

ADRIAN LINN TRAVIER,

knowingly and intentionally distributed 50 grams or more of methamphetamine, a

Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(viii)

## COUNT 7
(Distribution of Methamphetamine)

On or about March 27, 2025, in Kalamazoo County, in the Western District of

Michigan, Southern Division, the defendant,

ADRIAN LINN TRAVIER,

knowingly and intentionally distributed 50 grams or more of methamphetamine, a

Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(viii)

## COUNT 8
(Attempted Possession with Intent to Distribute Methamphetamine)

On or about August 28 and August 29, 2025, in Berrien County, in the Western District of Michigan, Southern Division, the defendant,

LAMONT ROQUINTON THOMAS,
a/k/a "Jug," "Jughead,"

knowingly and intentionally attempted to possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

Before the defendant committed the offense charged in this count, on or about September 14, 2012 the defendant was convicted in the United States District Court for the Western District of Michigan of possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(i), a serious drug felony, for which the defendant served more than 12 months in prison, and for which he was released from serving the term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(viii)
21 U.S.C. § 846
21 U.S.C. § 802(58)

**COUNT 9**
(Distribution of Methamphetamine)

On or about October 8, 2025, in Kalamazoo County, in the Western District of

Michigan, Southern Division, the defendant,

ADRIAN LINN TRAVIER,

knowingly and intentionally distributed methamphetamine, a Schedule II controlled

substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)

## COUNT 10
(Distribution of Methamphetamine)

On or about November 4, 2025, in Kalamazoo County, in the Western District

of Michigan, Southern Division, the defendant,

ADRIAN LINN TRAVIER,

knowingly and intentionally distributed methamphetamine, a Schedule II controlled

substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)

## COUNT 11
(Possession With Intent to Distribute Fentanyl)

On or about November 19, 2025, in Berrien County, in the Southern Division of the Western District of Michigan, the defendant,

ANTHONY LYNN LLOYD,

knowingly and intentionally possessed with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(vi)

## COUNT 12
(Money Laundering Conspiracy)

From in or about August 2023 to in or about September 2025, in Berrien County, in the Southern Division of the Western District of Michigan, and elsewhere, the defendant,

## LUE CHANEL WILLIAMS,

knowingly conspired and agreed with others known and unknown to the grand jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, specifically: to conduct and attempt to conduct financial transactions affecting interstate commerce knowing that the property involved represented the proceeds of some form of unlawful activity, which in fact involved property that represented the proceeds of specified unlawful activity (namely, conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841) knowing that the financial transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity.

### Object of the Conspiracy

The object of the conspiracy was to conduct financial transactions with the proceeds of the drug trafficking conspiracy knowing that those transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the drug trafficking proceeds.

## Means and Methods

It was part of the conspiracy that drug traffickers in Berrien County, Michigan and elsewhere received controlled substances from a source of supply in Southern California (the SOS) using third-party shippers and made payments for those controlled substances. During the conspiracy, LUE CHANEL WILLIAMS, an associate of Defendant KEITH TRAYVON CURTIS, sent drug proceeds on behalf of CURTIS to personal or business accounts affiliated with the wife of the SOS, who resided in California, including on or about August 14, 2023, April 11, 2025, May 2, 2025, and September 12, 2025.   These payments were made from financial institutions in the Western District of Michigan to pay the SOS and others for controlled substances distributed to the District as part of the drug trafficking conspiracy. The financial transactions made by WILLIAMS involving proceeds of the drug trafficking conspiracy were designed in whole or in part to conceal or disguise the nature, location, source, ownership, and control of the proceeds of the drug trafficking conspiracy.  Specifically, WILLIAMS made these payments using one or more of the following means: (i) sent payments from a business entity affiliated with her and a relative of CURTIS, (ii) sent these payments to business entities affiliated with the SOS's wife, and (iii) provided fictitious justifications as the purpose of these payments.

WILLIAMS also exchanged a large amount of small denomination bills derived from the proceeds of drug trafficking for a small amount of large denomination bills on behalf of CURTIS, including on or about March 18, 2025.  The purpose of these transactions was to further conceal or disguise the nature, location, source, ownership, and control of the proceeds of the drug trafficking conspiracy.

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)

## COUNT 13
(False Statement Within the Jurisdiction of the United States)

The allegations contained in Count 12 are realleged and incorporated by reference as if fully set forth herein.

On or about November 24, 2025, in Berrien County, in the Western District of Michigan, Southern Division, and elsewhere, the Defendant,

LUE CHANEL WILLIAMS,

willfully and knowingly made a materially false, fictitious, and fraudulent statement and representation, in a matter within the jurisdiction of the executive branch of the Government of the United States, by providing false, fictitious and fraudulent information about the nature, purpose, and the individuals involved in the transactions on or about August 14, 2023, April 11, 2025, May 2, 2025, and September 12, 2025 alleged in Count 12 during a consensual interview with special agents of the Federal Bureau of Investigation and the Internal Revenue Service – Criminal Investigation, knowing that the information was false, fictitious and fraudulent.

18 U.S.C. § 1001(a)(2)

**FORFEITURE ALLEGATION**
(Conspiracy to Distribute Controlled Substances)

The allegations contained in Counts 1 through 10 of the Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853.

Pursuant to 21 U.S.C. § 853, upon conviction of any offense in violation of 21 U.S.C. § 846 or 21 U.S.C. § 841, set forth in Counts 1 through 10 of this Indictment, the defendants,

SHAWN BERNARD ECHOLS, a/k/a "Doe," "Brother-in-Law,"
LAMONT ROQUINTON THOMAS, a/k/a "Jug," "Jughead," and
ADRIAN LINN TRAVIER,

shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.  The property to be forfeited includes, but is not limited to:

1. $6,120 in U.S. currency seized on November 19, 2025 from a residence on Bishop Avenue in Benton Harbor, Michigan where SHAWN BERNARD ECHOLS resided;

2. $19,800 in U.S. currency seized on November 19, 2025 from a residence on Midway Drive in Berrien Springs, Michigan where LAMONT ROQUINTON THOMAS resided; and

3.  $15,034 in U.S. currency seized on November 19, 2025 from a residence on Springfield Avenue in Kalamazoo, Michigan on November 19, 2025 where ADRIAN LINN TRAVIER resided.

21 U.S.C. § 853(a)(1), (2)
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

A TRUE BILL

[ /s/ Redacted ]

GRAND JURY FOREPERSON

TIMOTHY VERHEY
United States Attorney

VITO S. SOLITRO
Assistant United States Attorney